# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No. 1:23-cv-00265-ADA-SAB<br><br>ORDER REQUIRING PLAINTIFF TO ADDRESS DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC. IN RELATION TO READINESS FOR SCHEDULING CONFERENCE<br><br>(ECF Nos. 3, 9)<br><br>**DEADLINE: JUNE 6, 2023** |

Plaintiff initiated this action on February 20, 2023. (ECF No. 1.) On March 17, 2023, and on April 14, 2023, Defendants Trident Asset Management and LVNV Funding, filed answers. (ECF Nos. 5, 7.) However, Defendant Experian Information Solutions, Inc., has not appeared in the action, and Plaintiff has not filed a proof of service regarding this Defendant on the docket. The mandatory scheduling conference is set for June 8, 2023, and a joint scheduling was due June 1, 2023. (ECF No. 3.) On June 2, 2023, after the deadline to do so expired, Plaintiff filed a joint scheduling report on behalf of Plaintiff and Defendants Trident Asset Management and LVNV Funding. (ECF No. 9.) However, the joint scheduling report does not provide any information regarding Defendant Experian Information Solutions, Inc.

Rule 4(m) provides that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

1

Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.  The order setting the scheduling conference in this matter additionally provides that: "plaintiff shall diligently pursue service of the summons and complaint and dismiss those defendants against whom the plaintiff will not pursue claims . . .[and] plaintiff shall promptly file proofs of service of the summons and complaint so the Court has a record of service."  (ECF No. 3 at 1.)  "Failure to timely serve the summons and complaint may result in the imposition of sanctions, including dismissal of unserved defendants." (Id. at 2.)  The order additionally provides that "[a] Joint Scheduling Report, carefully prepared and executed by all parties, shall be filed one (1) full week prior to the Scheduling Conference." (Id.)  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000).

Plaintiff shall be required to address the lack of proof of service filed on the docket as required by the Court's order, and address whether Defendant Experian Information Solutions, Inc., has been served or will be dismissed from this action, in relation to the general readiness of this action for a scheduling conference.

Accordingly, IT IS HEREBY ORDERED that **on or before June 6, 2023**, Plaintiff shall provide a supplement to the joint scheduling report addressing Defendant Experian Information Solutions, Inc., request an extension of time to complete service pursuant to Rule 4(m), or otherwise dismiss Defendant Experian Information Solutions, Inc. from this action.

IT IS SO ORDERED.

Dated:   **June 5, 2023**                                  _____
                                                        UNITED STATES MAGISTRATE JUDGE

2